■ LOU NIERENBERG CORP. et al., Respondents, v. CONNECTICUT FIRE INSURANCE COMPANY et al., Appellants.— Resettled order, entered on October 7, 1960, denying defendants' motion to vacate plaintiffs' notice of examination before trial, affirmed on the law and on the facts, with $20 costs and disbursements to the respondents. This action was brought upon an insurance policy to recover for damages to plaintiffs' property by reason of sprinkler leakage. The answer alleges three affirmative defenses: (1) the leakage was caused or procured by plaintiffs with intent to defraud the defendants; (2) the plaintiffs willfully concealed, misrepresented and swore falsely upon an examination under oath, by reason of which the policies are void; and (3) one of the plaintiffs fraudulently overvalued its claim in proofs of loss. The order denying the motion to vacate plaintiffs' notice of examination specifically provides, and properly so, that the defendants need not disclose their "investigation reports, nor any memoranda, any written statements or reports, nor the details of any investigation made". It would appear, however, that defendants' attorney or someone in their employ should be possessed of competent evidence appertaining to their affirmative defenses, comprising nonprivileged material and details having relevancy with respect to the bases and nature thereof; and the defendants' employees, including their counsel, are subject to examination concerning the same. (See *AquaMarine Compania Naviera* v. *London & Overseas Ins. Co.*, 11 A D 2d 926, 12 A D 2d 903, 904.) Concur — McNally, J. P., Eager and Bastow, JJ.; Stevens and Steuer, JJ., dissent in the following memorandum: We dissent and vote to reverse and deny further examination before trial. The answer here is verified by defendants' counsel, and it clearly appears from the

examination that these defendants have no direct personal knowledge of the ultimate facts upon which the defense is based. It does not appear that the information sought cannot be obtained by means of a bill of particulars. Examination of counsel is not favored generally. Where further examination, if it is to be fruitful, must inevitably involve the work product, such examination should not be allowed.