■ CITY OF ELMIRA, Respondent-Appellant, v LARRY WALTER, INC., et al., Appellants-Respondents, and NEWMAN & DOLL, CONSULTING ENGINEERS, Respondent-Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered July 8, 1981 in Chemung County, which, *inter alia*, directed that an attorney employed by defendant Travelers Indemnity Company be produced for examination before trial, and (2) from an order of said court, entered December 4, 1981 in Chemung County, which denied plaintiff's motion for disclosure after reviewing the written materials sought *in camera*. This case arises out of a contract between plaintiff and defendant Larry Walter, Inc., for the construction of a parking garage. Defendant Travelers Indemnity Company was a surety on the project for Walter and provided plaintiff with a performance bond. Numerous disputes arose between plaintiff and Walter during the construction which culminated in the termina-

tion of work by Walter on July 13, 1976. Plaintiff commenced this action against Walter for breach of contract and tortious conduct. Travelers was also made a party and charged with breach of the surety's duty to either complete performance or indemnify for losses sustained due to Walter's breach. At an examination before trial, Paul Bollinger, Traveler's senior account analyst charged with monitoring the parking garage project, invoked the attorney-client privilege and refused to turn over memoranda and correspondence between himself and Richard Harrison, a surety attorney employed by Travelers in their corporate office in Connecticut. Plaintiff then moved pursuant to CPLR 3214 for an order directing Travelers to produce these items and to produce attorney Harrison for examination. Special Term ordered that the memoranda and correspondence which Travelers claimed were privileged be turned over to the court for an *in camera* inspection and granted plaintiff's request to examine Harrison. Walter and Travelers have appealed from that portion of the order which directed that Harrison be produced for examination. Upon examining the disputed items, Special Term denied the motion for disclosure of the written materials between Bollinger and Harrison. Plaintiff has appealed from that order. After reviewing the materials submitted by Travelers to Special Term for review *in camera,* it is our opinion that the memoranda and correspondence between Bollinger and Harrison were protected by the attorney-client privilege and thus not subject to disclosure (CPLR 3101, subd [b]; see *Upjohn Co. v United States,* 449 US 383). Unlike the situation in *Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.* (70 AD2d 837), a case relied on by plaintiff, which held that two documents prepared well before any demand was made on the defendant surety were not attorney's work product or material prepared for litigation (CPLR 3101, subds [c], [d]), all of the written material demanded in the instant case originated after Walter stopped work on the project and litigation among the parties was imminent. We also see nothing inconsistent with Special Term's directive that Travelers produce attorney Harrison for examination. Although Harrison was acting as Travelers' attorney in this matter, he was also the person responsible for making the business decision regarding the company's response to plaintiff's request that it complete the project as surety following Walter's withdrawal. As such, Harrison certainly possesses knowledge of facts involving Travelers' ultimate decision to stand behind its principal and not take over completion of the project, a decision which is the basis for plaintiff's suit against Travelers. We are not persuaded by Travelers' argument that directing Harrison to be examined will be an act of futility since it will simply require him to claim the attorney-client privilege for every question asked. As noted by the United States Supreme Court, the attorney-client privilege extends only to communications and not to facts (*Upjohn Co. v United States, supra,* pp 395-396). Since it appears that Harrison may well possess knowledge of facts which are properly discoverable (see *Nierenberg Corp. v Connecticut Fire Ins. Co.,* 13 AD2d 951), we see no reason to interfere with the directive that he be produced for examination at which time he can separately claim any privileges he may possess. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.