■ JOHN CURTIS et al., Individually and as Parents and Natural Guardians of SEAN M. CURTIS and Others, Infants, Respondents, v COMPLETE FOAM INSULATION CORPORATION, Defendant, and C. P. CHEMICAL COMPANY, INC., Appellant.— Harvey, J. Appeal from that part of an order of the Supreme Court at Special Term (Connor, J.), entered June 4, 1985 in Rensselaer County, which partially denied defendant C. P. Chemical Company, Inc.'s motion to strike portions of plaintiffs' interrogatories.

In August 1979, plaintiffs contracted with defendant Complete Foam Insulation Corporation to have their home insulated with Tripolymer 102, a foam insulation made exclusively by defendant C. P. Chemical Company, Inc. The Tripolymer allegedly did not perform as represented by defendants. Plaintiffs claim that the insulation gave off a toxic gas which

caused plaintiffs to suffer various physical symptoms. In January 1983, plaintiffs commenced this action alleging negligence, fraud, breach of warranty and strict liability.

During discovery, C. P. Chemical objected to various interrogatories served by plaintiffs. Among the interrogatories objected to were Nos. 7, 8, 12, 13 and 14, which C. P. Chemical contended sought answers requiring it to reveal trade secrets. C. P. Chemical argued that, since plaintiffs still had the Tripolymer insulation in their house, they could retain their own expert to analyze a sample of it without requiring C. P. Chemical to reveal its trade secrets. Plaintiffs asserted, *inter alia,* that the information sought was indispensable to establishing their claims, that C. P. Chemical had not shown that the information requested required disclosure of trade secrets, and that C. P. Chemical had disclosed this information in other contexts.

Special Term ruled that C. P. Chemical failed to establish that the information requested required disclosure of trade secrets and, even assuming that trade secrets were involved, plaintiffs' need for the information outweighed C. P. Chemical's interest in protecting their trade secrets. Therefore, C. P. Chemical's motion to strike interrogatories Nos. 7, 8, 12, 13 and 14 was denied by Special Term. Plaintiffs' counsel refused to sign a stipulation of confidentiality offered by C. P. Chemical and thus C. P. Chemical sought leave to renew its motion to strike. The motion was denied.

Resolution of this appeal requires a twofold analysis: first, whether C. P. Chemical met its burden of showing that the information sought by plaintiffs required it to reveal trade secrets and, if so, whether plaintiffs have shown that the requested information is indispensable to their prosecution of this case. Initially, we hold that C. P. Chemical adequately established that the information sought would require it to reveal trade secrets. When a party attempts to avoid discovery by asserting that the information sought is privileged as a trade secret, a minimum showing is necessary to substantiate the assertion *(see, Rooney v Hunter,* 26 AD2d 891; *Interstate Cigar Co. v I.B.I. Sec. Serv.,* 105 Misc 2d 179, 183). Here, the sworn statement by an officer of C. P. Chemical, stating that the disclosure of the ingredients and their quantities of Tripolymer 102 and its foaming agent would reveal trade secrets, is sufficient to meet C. P. Chemical's burden. Plaintiffs' contention that C. P. Chemical had previously revealed the trade secrets is without merit. The record reveals that responses by C. P. Chemical to an investigation by the Con-

necticut Department of Consumer Protection did not reveal the trade secrets sought here. Additionally, plaintiffs' claim that the information had been revealed in a patent application is without merit, since the record establishes that the information sought by plaintiffs was not within the scope of the pertinent C. P. Chemical application.

Having determined that the information sought is a trade secret, we next address the issue of whether it should nevertheless be discoverable. We hold that plaintiffs failed to establish that the information is necessary to their case, and thus it is not discoverable. It is well established that the scope of discovery under CPLR 3101 is to be construed liberally *(Oak Beach Inn Corp. v Babylon Beacon,* 62 NY2d 158, 170, *cert denied* — US —, 105 S Ct 907; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). However, due in part to the important public benefits in protecting trade secrets *(see, Matter of New York Tel. Co. v Public Serv. Commn.,* 56 NY2d 213, 219), the liberal discovery rules are modified when trade secrets are sought to be discovered. In such a case, the party seeking disclosure must show that the information sought appears to be indispensable to the ascertainment of truth and cannot be acquired in any other way *(Drake v Herrman,* 261 NY 414). Here, plaintiffs' expert examined and tested samples of the foam insulation from plaintiffs' house and indicated that he knew the essential chemical components of Tripolymer 102. He was able to conclude, based on his tests and without knowledge of C. P. Chemical's trade secrets, that the Tripolymer had been prepared in a defective manner by C. P. Chemical. Thus, it does not appear that knowledge of C. P. Chemical's trade secrets is indispensable to support plaintiffs' claims.

Order modified, on the law, with costs to defendant C. P. Chemical Company, Inc., by reversing so much thereof as denied said defendant's motion regarding interrogatories Nos. 7, 8, 12, 13 and 14; motion granted and those interrogatories are stricken; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.