ROBERT P. STANWICK, Appellant, v A.R.A. SERVICES, INC., et al., Defendants, and ANDREW P. MELONI, as Sheriff of Monroe County, et al., Respondents.

The attorney-client privilege extends only to communications and not to facts *(Upjohn Co. v United States,* 449 US 383, 395-396). The Sheriff, his attorney Ms. Farber, and the other witnesses may well possess knowledge and facts which would not be privileged and which are properly discoverable *(see, City of Elmira v Larry Walter, Inc.,* 89 AD2d 645, 646). Hence the direction that the plaintiff may not, without a waiver from the Sheriff, require Farber or the others to disclose the substance of the meeting's conversation is too broad.

The record reveals that other than conclusory statements made in the affidavits of Sheriff Meloni and Ms. Farber, there is no showing of what statements may be privileged. The person asserting the privilege has the burden of sustaining that claim *(Matter of Priest v Hennessy,* 51 NY2d 62, 69). To make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a "confidential communication" made to the attorney for the purpose of obtaining legal advice or services *(Matter of Priest v Hennessy, supra; Matter of Jacqueline F.,* 47 NY2d 215, 219). The proper procedure would be for the witnesses to raise the privilege put to a specific question and let Special Term determine whether there is merit to the witness' claim of privilege as to that question. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—compel disclosure.) Present —Callahan, J. P., Doerr, Denman and Boomer, JJ.