■ SCHENECTADY CHEMICALS, INC., Respondent, v IMITEC, INC., et al., Appellants.—Kane, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered August 5, 1986 in Schenectady County, which, *inter alia,* denied defendants' motion for a protective order.

Defendant Stephen T. Terney is the chief executive officer and majority stockholder of defendant Imitec, Inc., which is engaged in the manufacture and sale of polyimide products. Terney, a chemist by training, became a principal in and an incorporator of Imitec in 1982 following his resignation from plaintiff, by whom he had been employed, although not continuously, since 1966. In 1978, during this employment with plaintiff, plaintiff began research and development of polyimide solution coatings and commenced marketing such product in 1982. This action, commenced in May 1984, seeks, *inter alia,* damages for conversion of proprietary rights and confidential trade secrets, breach of employment contract, intentional interference with business relationships and unfair competition.

In July 1985, plaintiff served a notice to produce, containing 28 separate demands for documents containing the phrase "any and all" in most of the specific demands. A motion for a protective order made by defendants was granted because the demands lacked the requisite specificity *(see, Ciembroniewicz v Madigan Mem. Hosp.,* 72 AD2d 653). Plaintiff served another notice to produce, almost identical to the first, but not containing the words "any or all". Defendants again moved for a protective order seeking to vacate the notice in its entirety or, in the alternative, condition any disclosure upon a strict confidentiality agreement, the terms to be agreed upon by the parties or the court. Supreme Court denied defendants' application to vacate the notice to produce upon the condition that the parties and their respective counsel enter into and execute a confidentiality agreement to protect against disclosure of trade secrets and to confine the agreement to only that which

was necessary to the action. Although there have been submissions of proposals and counterproposals, no agreement has been reached as to the provisions of the confidentiality agreement, and this appeal by defendants ensued.

This appeal must be dismissed. Defendants are not aggrieved since the requested relief upon their motion for a protective order was in the alternative, and one of the alternatives was granted *(see, Alberi v Rossi,* 117 AD2d 574). When an order is made in favor of a party, the party is not aggrieved and there is no right to appeal *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539).

Appeal dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.