■ SCHENECTADY CHEMICALS, INC., Respondent, v IMITEC, INC., et al., Appellants.—Weiss, J. Appeal from an amended order of the Supreme Court (Walsh, Jr., J.), entered July 8, 1988 in Schenectady County, which, *inter alia,* formulated and imposed conditions of confidentiality for disclosure pursuant to plaintiff's notice to produce.

The facts underlying this appeal are set forth in a previous decision of the court *(see, Schenectady Chems. v Imitec, Inc.,* 133 AD2d 920), as a consequence of which the parties were left to formulate a mutually acceptable confidentiality agreement. It is undisputed that the parties were unable to meet this objective. Consequently, Supreme Court issued an amended order setting forth conditions of confidentiality attendant the disclosure directive. Defendants have appealed.

We affirm. Initially, we observe that defendants may not raise anew the propriety of plaintiff's notice to produce for we

have already concluded that adequate alternative relief was provided *(cf., Locilento v Coleman Catholic High School,* 134 AD2d 39, 43; *see also,* 1 Newman, New York Appellate Practice § 4.17 [1]). Our inquiry is directed at whether the conditions of confidentiality set forth in the amended order adequately safeguard defendants' interests, for they are entitled to reasonable protection from the disclosure of trade secrets *(see, Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 909).

By its terms, the amended order provides for disclosure limited to the "disclosure of information and/or writings which do not reveal formulae, and/or trade secret information developed after May 31, 1983".\*This time limitation extends through defendants' first year of operation, and was designed to prevent the disclosure of any formulae thereafter devised by defendants. The disclosure order further excludes "the details of chemical formulae [or] processing techniques". Supreme Court authorized the use of disclosed materials for purposes of the instant action only, and expressly proscribed disclosure or use for competitive purposes. The court further limited access to legal counsel and employees of the parties necessarily involved in the litigation. Notably, the terms of confidentiality expressly survive the final disposition of the action. In our view, these safeguards are reasonable and adequately protect defendants' interest. Since plaintiff's action for conversion of proprietary rights and confidential trade secrets directly calls defendants' involvement with polyimide products into question, the conditional disclosure order was well within the court's discretion *(see, Citibank v Recycling Carroll Gardens,* 116 AD2d 494, 495; *cf., Curtis v Complete Foam Insulation Corp., supra,* at 909 [trade secret information not indispensable to support claim]).

Amended order affirmed, without costs. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.

---

\* We note that the amended order reflects a change in the operative date from May 31, 1982 to May 31, 1983. Although defendants suggest otherwise, the record indicates that this change corrects an inadvertent error.