■ COUNTY OF DELAWARE, Appellant, v J & D DISTRIBUTING & MANUFACTURING, INC., Doing Business as KLIMCHUCK CONSTRUCTION, Defendant, and UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.—Harvey, J. Appeal from an

order of the Supreme Court (Harlem, J.), entered April 28, 1989 in Delaware County, which compelled discovery of certain documents contained in the files of defendant United States Fidelity & Guaranty Company.

This breach of contract action arises out of a construction contract entered into between plaintiff and Klimchuck Construction. Defendant United States Fidelity & Guaranty Company (hereinafter defendant) provided payment and performance bonds for that project. Following commencement of the suit, plaintiff immediately served a notice to produce seeking practically an across-the-board production of all documents in defendant's files relating not only to the Klimchuck project, but also to all surety bond claims including, but not limited to, interoffice memoranda and manuals. Defendant thereafter timely produced all files except those it deemed to be privileged or otherwise not subject to disclosure under CPLR article 31. Plaintiff then brought a motion to compel production of those documents not produced by defendant and defendant cross-moved for a protective order pursuant to CPLR 3103 on the grounds of "privilege or otherwise". The disputed 28 documents were submitted to Supreme Court for its in camera inspection. Supreme Court then issued its determination in this matter, noting first that plaintiff had already conceded that 11 of the 28 documents were not discoverable. Of the remaining 17 documents, the court held that eight were not subject to disclosure and nine were discoverable in whole or part. This appeal by plaintiff ensued.

We affirm. The scope and supervision of discovery is generally a matter within the sound discretion of the court where the action is pending (Capoccia v Brognano, 126 AD2d 323, 328, appeal dismissed 70 NY2d 742, 743; see, Randall Elec. v State of New York, 150 AD2d 875, 876). Only where this discretion is abused will steps be taken to disturb such a determination (see, e.g., SPA Realty Assocs. v Springs Assocs., 155 AD2d 839). Upon our own in camera examination of the pertinent documents, we find no basis for disturbing the discovery order of Supreme Court. For instance, certain of the documents were protected by the attorney-client privilege and therefore were not subject to disclosure (CPLR 3101 [b]; see, City of Elmira v Larry Walter, Inc., 89 AD2d 645). Other documents were, for instance, either attorney's work product (CPLR 3101 [c]) or material prepared for litigation (CPLR 3101 [d]). A great many of the documents reviewed by Supreme Court were redacted where necessary to give plaintiff the benefit of this material where possible.

The remaining issues raised by the parties have been examined and found to be unpersuasive. Although defendant requests certain affirmative relief from this court relating to Supreme Court's order, we note that defendant did not appeal from that order and, therefore, granting the relief would be inappropriate (*see, Matter of Hawes v Dime Sav. Bank,* 156 AD2d 892).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.