■ BRISTOL, LITYNSKI, WOJCIK, P. C., Doing Business as SARATOGA ASSOCIATES, Appellant, v TOWN OF QUEENSBURY et al., Defendants, and ADIRONDACK CONSTRUCTION CORPORATION, Respondent. (And Another Related Action.)—Casey, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered January 24, 1990 in Warren County, which, *inter alia,* formulated and imposed conditions of confidentiality for disclosure pursuant to plaintiff's notice to produce.

When a dispute arose between the parties to this appeal, as to the extent of plaintiff's discovery, plaintiff and defendant Adirondack Construction Corporation (hereinafter Adirondack) appeared before Supreme Court on January 19, 1990. Adirondack objected to having to release to plaintiff certain documents and materials that it claimed were trade and business secrets. Plaintiff claimed that Adirondack had been previously ordered orally by Supreme Court to produce the documents and had already made over 800 documents available to plaintiff. Adirondack alleged that there could be hun-

dreds more and, therefore, it would seek a protective order of confidentiality on January 22, 1990. On that date Supreme Court ruled orally from the bench that all documents and materials sought by plaintiff would be subject to an order of confidentiality. When clarification of this order was sought from the court on January 23, 1990 by Adirondack, who stated that trade secrets were involved, Adirondack was instructed to prepare a written order of confidentiality which applied to all documents delivered prior to and after that date and effective from the time the court orally announced the terms thereof.

The order was prepared and signed on January 24, 1990 and provided that all documents produced and released by the parties to the action were to be used only for the purpose of prosecuting or defending the action, were to be made available only to persons directly related to the action, were not to be duplicated except to provide copies to persons directly related to the action, and were not to be disclosed to any person not directly related to the action. Plaintiff appeals from that part of the order which imposed confidentiality requirements on documents produced prior to January 22, 1990, contending that Supreme Court signed the order without its review of any of the documents it had stamped confidential and that the order signed was broader than even the prior oral order of the court.

We agree that the provisions of the order are overly broad and unduly restrictive. In the first place, Adirondack failed to make the initial showing necessary to support its assertion that it would be required to reveal trade secrets, which would shift the burden to plaintiff to show that the information sought was indispensable to support its case *(see, Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 908). Although the initial showing required of Adirondack was minimal, the appropriate analysis was never made by Supreme Court. Plaintiff was not even present when Adirondack claims it met its initial burden. The statement of its attorney, made on information and belief, that the contents of a document were trade secrets is legally insufficient to establish such fact *(see, Rooney v Hunter,* 26 AD2d 891). Since plaintiff was not present at the time, there is nothing to indicate that the information contained in the documents was "indispensable to the ascertainment of truth and [could not] be acquired in any other way" *(Curtis v Complete Foam Insulation Corp., supra,* at 909). Only after this two-fold analysis can an order of confidentiality be issued. Furthermore, such orders are re-

quired to be specific and should be limited to trade or business secrets. Discussion with experts have been excluded from this ambit *(Tymko v K-Mart Discount Stores,* 75 AD2d 987). Lacking the appropriate basis for its issuance, the order appealed from should be reversed and the matter remitted to Supreme Court for further proceedings.

With respect to plaintiff's argument that the order appealed from constitutes a "gag order", we find such claim to be without merit.

Order reversed, on the law, with costs against defendant Adirondack Construction Corporation, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.