■ THOMAS F. HIGGINS et al., Respondents, v FRANK MONTEMURRO, Appellant, et al., Defendant. [610 NYS2d 683] —Mercure, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Miller, J.), entered July 3, 1991 in Orange County, which denied defendant Frank Montemurro's motion for leave to serve interrogatories and a notice for discovery and inspection upon nonparty witnesses, and (2) from an order of said court, entered July 3, 1991 in Orange County, which, *inter alia,* partially granted plaintiff's motion for a protective order vacating certain interrogatories and items of a notice for discovery and inspection.

Plaintiffs, the parents of defendant Sandra Montemurro,[1] brought this action to recover the balance due on alleged $30,000 and $5,000 loans to defendants. In his answer, defendant Frank Montemurro (hereinafter defendant) asserted counterclaims seeking compensatory and punitive damages for plaintiffs' alleged conversion of personal property from his home and abuse of process in bringing this action. In an avowed effort to obtain evidence that plaintiff Thomas F. Higgins (hereinafter Higgins) is capable of using threats or rewards to influence the testimony of his family members, that he is an experienced business man who would not make loans without obtaining a written acknowledgement thereof, that he is wealthy and therefore has the means to bring this action solely to "get" defendant and that he has committed bad acts that bear on the issue of his credibility, defendant served 69 supplemental interrogatories and a 27-item notice for discovery and inspection, dated June 6, 1991 and June 7, 1991 respectively. Among the items sought by defendant are copies of Higgins' will and a statement as to the approximate value of his estate, a statement as to whether Higgins has a permit to carry a handgun, together with the name and model of each weapon owned, and a statement as to when and where any such weapon was fired, a statement as to whether Higgins ever received professional medical or psychological treatment

---

1. Sandra Montemurro, the estranged wife of defendant Frank Montemurro, appears to have defaulted in answering or appearing in the action. In any event, she is not a party to these appeals.

for any physical or mental maladies, including alcoholism and depression, and a statement as to each business that Higgins owns or has an interest in, including the net value thereof.

Upon a motion by plaintiffs, Supreme Court vacated as irrelevant all but seven of the interrogatories and all but four items of the notice for discovery and inspection. Of those not vacated, four were modified by Supreme Court so as to limit the time period covered by them. Defendant appeals from that order and from a separate order denying his motion for leave to serve interrogatories and a notice for discovery and production of documents upon the attorney and law firm representing Sandra Montemurro in the divorce action between defendants.[2]

We affirm. Despite the liberal construction to be given the disclosure provisions of the CPLR, "the scope of permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery and to determine what is 'material and necessary' as that phrase is used in CPLR 3101 (a)" *(NBT Bancorp v Fleet/Norstar Fin. Group,* 192 AD2d 1032, 1033; *see, Blank v Schafrann,* 180 AD2d 886, 887). Here, we are in full agreement with Supreme Court's conclusion that the requested material was irrelevant and perceive no basis for disturbing its determination *(see, supra).* Similarly, Supreme Court did not abuse its discretion in determining that there were no special circumstances justifying discovery against the nonparty witnesses *(see, Brady v Ottaway Newspapers,* 63 NY2d 1031).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the orders are affirmed, with costs.

---

2. Defendant does not appear to have appealed subsequent orders of Supreme Court dated August 30, 1991 which, *inter alia,* denied defendant's motions for renewal and, upon reargument, adhered to its initial determinations.