■ LELAND G. JACKSON et al., Appellants, v Dow CHEMICAL COMPANY, INC., et al., Respondents, et al., Defendants. [624 NYS2d 675] —Spain, J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered January 10, 1994 in Albany County, which granted the cross motion of defendant Orkin Exterminating Company, Inc. for an order of confidentiality and partially granted said defendant's cross motion for a protective order.

This personal injury action was commenced to recover money damages for injuries suffered by plaintiffs as a result of their alleged exposure to pesticides, insecticides and other chemicals at the State Office Campus complex in the City of Albany. Plaintiffs' counsel served defendant Orkin Exterminating Company, Inc. a first demand for discovery and inspection, combined demands, and a second demand for discovery and inspection on November 5, 1992, July 12, 1993 and August 10, 1993, respectively. The parties conferenced on at least two occasions to attempt to resolve discovery issues. Many issues were resolved, while others were not.

Thereafter, plaintiffs moved for an order to compel disclosure and/or sanctions pursuant to CPLR 3126. Orkin opposed the motion and cross-moved for an order of confidentiality and a protective order vacating certain items of the demands. Supreme Court granted Orkin's cross motion for an order of confidentiality and, further, partially granted Orkin's request for a protective order. Plaintiffs appeal.

Initially, plaintiffs argue that Orkin did not show with any specificity what cognizable interest is entitled to protection, what serious injury warrants judicial intervention and why the protective order must be so burdensome. Further, plaintiffs argue that Orkin did not show that disclosure of the requested information would inflict competitive harm.

This Court, in *Bristol, Litynski, Wojcik v Town of Queensbury* (166 AD2d 772), stated that a two-fold analysis must be satisfied before an order of confidentiality may be granted. The movant must first show that the discovery demand would require it to reveal trade secrets, which would then shift the

burden to the nonmovant to show that the information was indispensable to support its case. The initial showing required to support an assertion that trade secrets would be revealed through discovery is minimal *(see, supra,* at 773). In the case at bar, Orkin's submission of an affidavit of one of its officers is deemed sufficient to shift the burden to plaintiffs. Orkin's concern that its competitors may gain some competitive advantage as a result of discovery of secret business procedures and information is legitimate *(see, Schenectady Chems. v Imitec, Inc.,* 151 AD2d 804, 805; *Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 908). Absent an abuse of discretion, Supreme Court's ruling will not be disturbed *(see, County of Delaware v J & D Distrib. & Mfg.,* 161 AD2d 1083, 1084), especially since plaintiffs have clearly failed to establish that the information sought was indispensable to their case. A careful look at the wording of Supreme Court's order confirms that plaintiffs' assertions, that the order is overly broad and burdensome, are without merit.

Turning to the issue of whether Supreme Court had the authority to vacate and modify certain items of plaintiff's demand, we find that although the disclosure provisions of the CPLR are to be liberally construed, Supreme Court, because of its obvious familiarity with the matter, has broad discretion to supervise the discovery process and was in the best position to determine what is material and necessary. " '[T]he scope of permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery and to determine what is "material and necessary" as that phrase is used in CPLR 3101 (a)' " *(Higgins v Montemurro,* 203 AD2d 799, 800, quoting *NBT Bancorp v Fleet/Norstar Fin. Group,* 192 AD2d 1032, 1033; *see, Blank v Schafrann,* 180 AD2d 886, 887). Supreme Court, which is actively involved in the case management of this complex litigation, did not abuse its discretion; its rulings on the specific demands were logical and will not be disturbed.

Lastly, with respect to plaintiffs' objection that Orkin's cross motion for a protective order is not timely since Orkin missed the 10-day deadline established by CPLR 3120, the record is devoid of any evidence that plaintiffs raised this objection before Supreme Court and, thus, it may not be raised on appeal *(see, Todd v Krolick,* 96 AD2d 695, 696, *affd* 62 NY2d 836).

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.