■ BONNIE L. CARPENTER, Respondent-Appellant, v BROWNING-FERRIS INDUSTRIES, INC., Also Known as BROWNING-FERRIS INDUSTRIES-NIAGARA DISTRICT, et al., Appellants-Respondents. [692 NYS2d 567] —Order unanimously affirmed without costs. Memorandum: The record establishes that both the attorney for plaintiff and the attorney for defendant Browning-Ferris Industries, Inc., a/k/a Browning-Ferris Industries-Niagara District (BFI), have engaged in unnecessary and inappropriate antagonistic behavior during the discovery process. Supreme Court eventually found it necessary to appoint a Referee to supervise discovery, but that did not resolve the problems. Indeed, the Referee stated that he found it "all but impossible to control the course of a deposition without ending in a shouting match which I will not join", and

noted that there are "constant objections * * * and vehement challenges to my rulings, most being shouted."

BFI thereafter moved to dismiss the complaint "for plaintiff's repeated and willful failure to comply with discovery obligations and the Orders of this Court and the Discovery Referee, and plaintiff counsel's repeated and willful misconduct during the discovery phase of this litigation." Alternatively, BFI sought an order compelling production of plaintiff's medical authorizations and compelling the nonparty depositions of Drs. Simmons and Nash, two of plaintiff's physicians. Defendant Niagara Street Realty, Inc., d/b/a Naples Roofing and Sheet Metal, moved for similar relief. In response, plaintiff cross-moved for an order of protection prohibiting further medical authorizations and the depositions of Drs. Simmons and Nash, and for an order striking BFI's answer for "willful, obstructive and contemptuous conduct engaged in during the discovery stages of this action".

The court did not abuse its discretion in declining to strike the complaint for plaintiff's failure to comply with discovery orders. Striking a pleading is warranted only where there is "serious prejudice to the affected party, irremediable by less drastic steps" (*Lipin v Bender*, 84 NY2d 562, 572, *rearg denied* 84 NY2d 1027). After noting the "total breakdown in civility and professional decorum between the attorneys for plaintiff and BFI", the court stated that it would give the attorneys a "fresh start with a clean slate and a firm directive to move this case along and complete discovery". The court noted that failure to comply with its discovery order would result in a waiver of those discovery demands, in the case of defendants, or preclusion of items of damages, in the case of plaintiff. The court also put the attorneys on notice that sanctions pursuant to 22 NYCRR part 130 shall be imposed should their conduct continue as detailed in the motion papers and transcripts before it. We agree with the court that, at this stage, that remedy is more appropriate than striking a pleading.

The scope and nature of discovery is a matter left to the sound discretion of the trial court (*see, Jackson v Dow Chem. Co.*, 214 AD2d 827, 828). The court did not abuse its discretion in denying that part of plaintiff's cross motion seeking a protective order with respect to 13 additional medical authorizations requested from plaintiff. Nor did the court abuse its discretion in granting that part of plaintiff's cross motion seeking a protective order prohibiting defendants from deposing Drs. Nash and Simmons.

We have examined the remaining contentions of the parties

and conclude that they are lacking in merit. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.