■ FELIKS KOZUCH et al., Appellants, v CERTIFIED AMBULANCE GROUP, INC., et al., Defendants, and BRUCE NAYOWITH et al., Respondents. ALBANY MEDICAL CENTER, Respondent. [753 NYS2d 612] —Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 3, 2002 in Ulster County, which, inter alia, granted Albany Medical Center's motion to quash a deposition subpoena issued by plaintiffs.

In February 1997, plaintiff Feliks Kozuch suffered a stroke and was transported via ambulance to defendant Ellenville Community Hospital in the Village of Ellenville, Ulster County. One of plaintiffs' theories of liability in this ensuing action was that various medical defendants deviated from accepted standards of medical care by failing to treat Kozuch with tissue plasminogen activator (hereinafter TPA) and that such failure caused him to suffer a variety of permanent injuries. According to plaintiffs' response to a demand for expert information, plaintiffs have retained as an expert a "professor of clinical neurology at a major metropolitan medical school" who is reportedly prepared to testify that defendants deviated from accepted standards by, inter alia, "failing to inform [Kozuch] of the availability of the TPA protocol at their facility or lack thereof, and, in the event it was not available at their facility, what facility had it available for use and administration." The expert will allegedly further indicate that "the TPA protocol was available for use and administration in February, 1997 at Albany Medical Center." Plaintiffs served a subpoena on Albany Medical Center seeking nonparty disclosure pertaining to its TPA protocol. Albany Medical Center successfully moved

to quash the subpoena. Plaintiffs appeal.*

Although disclosure provisions are liberally construed, the scope of permissible disclosure is not limitless and the trial court is vested with broad discretion in supervising disclosure (*see Higgins v Montemurro*, 203 AD2d 799, 800). A ruling regarding disclosure by the trial court generally will not be disturbed on appeal in the absence of an abuse of discretion (*see Thomas v Benedictine Hosp.*, 296 AD2d 781, 783). Here, Albany Medical Center was not involved in any fashion—directly or indirectly—with Kozuch's treatment. Plaintiffs' expert purports to be qualified to address the relevant issues pertaining to TPA protocol. Moreover, plaintiffs did not serve the subpoena on Albany Medical Center until nearly 2½ years after commencing the action and after their note of issue had been filed. Under the circumstances, we find no abuse of discretion by Supreme Court.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Supreme Court also granted defendants' motion to compel plaintiffs to provide supplemental expert disclosure. This Court previously granted defendants' motion to dismiss as moot that part of plaintiffs' appeal pertaining to the motion to compel.