■ In the Matter of CARLA WILLIAMS, Respondent, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NEW YORK et al., Appellants. [805 NYS2d 126]—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of the City School District of the City of New York which determined, inter alia, that the petitioner voluntarily resigned while a disciplinary proceeding based on an alleged corporal punishment incident was pending against her, and that she did not have the right, in effect, to the removal of her name from an ineligible/inquiry list, the Board of Education of the City School District of the City of New York and Joel Klein, Chancellor, appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 13, 2004, which, in effect, granted the petitioner's motion for leave to reargue the proceeding and, upon reargument, vacated a judgment of the same court dated January 6, 2003, denying the petition and dismissing the proceeding, and directed them, inter alia, to reinstate the petitioner to the position of a tenured teacher, without loss of any security or pension rights.

Ordered that the order is reversed, on the law and as a mat-

ter of discretion, with costs, the motion is denied, and the judgment dated January 6, 2003 is reinstated.

The Supreme Court improvidently exercised its discretion in granting the petitioner's motion for leave to reargue, as the petitioner simply sought to restate her earlier arguments rather than point out matters of fact or law allegedly overlooked or misapprehended. Further, there is no indication in the record that the court, in fact, misapprehended the facts or law, or mistakenly arrived at its earlier decision (*see Huber Lathing Corp. v Aetna Cas. & Sur. Co.*, 132 AD2d 597, 598 [1987]; *cf. Mitsinicos v New Rochelle Nursing Home*, 258 AD2d 630 [1999]). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.