■ Xand Corporation, Appellant, v Reliable Systems Alternatives Corporation, Respondent. [807 NYS2d 574]—

In an action, inter alia, to recover damages for fraud in the inducement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 24, 2005, as denied that branch of its motion which was for a protective order with respect to that portion of the defendant's notice for discovery and inspection which sought its customer list for the period between September 2, 2002, and September 2, 2003.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that its customer list for the period between September 2, 2002, and September 2, 2003, is privileged matter as a trade secret, was raised for the first time on appeal, and is unpreserved for appellate review (*see Consolidated Payroll Servs., Inc. v Berk,* 18 AD3d 415 [2005]; *Samide v Roman Catholic Diocese of Brooklyn,* 5 AD3d 463, 466 [2004]). In any event, the plaintiff failed to make the initial showing neces-

sary to support its assertion that it would be required to reveal a trade secret (*see Linderman v Pennsylvania Bldg. Co.,* 289 AD2d 77 [2001]; *Bristol, Litynski, Wojcik v Town of Queensbury,* 166 AD2d 772 [1990]; *Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907 [1986]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for a protective order with respect to that portion of the defendant's notice for discovery and inspection which sought a list of the plaintiff's customers between September 2, 2002, and September 2, 2003. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.