■ In the Matter of JEAN DAVID BASTIEN, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [877 NYS2d 905]—In a proceeding pursuant to Insurance Law § 5218 (c) for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 27, 2008, which granted the respondent's motion for leave to reargue its opposition to the petition, which petition had been granted in an order of the same court dated October 31, 2007, and, upon reargument, denied the petition.

Ordered that the order is affirmed, with costs.

In an order dated October 31, 2007, the Supreme Court granted the petition seeking leave to commence an action against the respondent, Motor Vehicle Accident Indemnification

Corporation (hereinafter MVAIC), pursuant to Insurance Law § 5218 (c). Thereafter, MVAIC moved for leave to reargue its opposition to the petition. The Supreme Court granted leave to reargue and, upon reargument, denied the petition.

Contrary to the petitioner's contention on appeal, the court did not improvidently exercise its discretion in granting MVAIC leave to reargue since the movant demonstrated a "matter[ ] of . . . law allegedly overlooked . . . by the court in determining the [original petition]" (CPLR 2221 [d] [2]; *see Barrett v Jeannot*, 18 AD3d 679, 680 [2005]; *cf., Matter of Williams v Board of Educ. of City School Dist. of City of N.Y.*, 24 AD3d 458 [2005]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.