*938 In a proceeding pursuant to CPLR article 78 to review a determination of the City of Rye Planning Commission dated October 11, 2011, which granted the application of Daniel Mathisson and Helene Mathisson to modify a front yard setback line on a certain subdivision map, the City of Rye Planning Commission appeals, and Daniel Mathisson and Helene Mathis-son separately appeal, from an order and judgment (one paper) of the Supreme Court, Westchester County (Lorenzo, J.), dated June 4, 2012, which granted the petitioners’ motion for leave to renew and reargue the petition, and upon renewal and reargument, vacated a prior judgment of the same court dated March 19, 2012, denying the petition and dismissing the proceeding, and thereupon granted the petition and annulled the determination.
Ordered that the order and judgment is reversed, on the law, the petitioners’ motion for leave to renew and reargue is denied, and the judgment dated March 19, 2012, is reinstated, with one bill of costs to the appellants appearing separately and filing separate briefs.
The Supreme Court should have denied that branch of the petitioners’ motion which was for leave to renew the petition, as the new evidence that the petitioners submitted in support of that branch of their motion did not alter the analysis applicable to the petition (see CPLR 2221 [e] [2]; see generally Kaya v B & G Holding Co., LLC, 101 AD3d 685, 687 [2012]). Moreover, the petitioners did not provide sufficient justification for their failure to submit this new evidence with the petition (see CPLR 2221 [e] [3]; see generally Matter of Catherine V.D. [Rachel G.], 100 AD3d 992, 993 [2012]; Walsh v Schmigelski, 35 AD3d 849 [2006]).
The Supreme Court also should have denied that branch of the petitioners’ motion which was for leave to reargue the petition, as there is no indication that the court misapprehended the facts or law, or mistakenly arrived at its earlier decision (see CPLR 2221 [d] [2]; Capstone Bus. Credit, LLC v Imperia Family Realty, LLC, 70 AD3d 882, 884 [2010]; Matter of Williams v Board of Educ. of City School Dist. of City of N.Y., 24 AD3d 458, 459 [2005]; Daluise v Sottile, 15 AD3d 609 [2005]).
In light of our determination, we need not reach the appellants’ remaining contentions. Mastro, J.R, Cohen, Miller and Hinds-Radix, JJ., concur.