■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. MARY ANNE McCLOSKEY, Respondent, v A.O. SMITH WATER PRODUCTS Co. et al., Defendants, and CLEAVER-BROOKS, INC., Appellant. [20 NYS3d 27]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 13, 2014, which denied defendant Cleaver-Brooks, Inc.'s (defendant) motion to vacate a recommendation of the Special Master, dated November 9, 2013, directing it to produce certain documents, and for a protective order, and confirmed the recommendation, unanimously affirmed, without costs. Order, same court and Justice, entered December 19, 2014, which, insofar as appealed from as limited by the briefs, upon defendant's motion for clarification, directed defendant to produce all its commercial files, all other relevant documents and records, and its index card database, and denied its applications for a confidentiality order and cost sharing, unanimously modified, on the law and the facts and in the exercise of discretion, to require production of all documents that reference or otherwise mention asbestos or asbestos-containing products, components or parts used on, in or in conjunction with or as replacement parts for its boilers, and to grant defendant's application for a confidentiality order, and otherwise affirmed, without costs.

The June 13, 2014 order properly required defendant to produce all documents that reference or otherwise mention asbestos or asbestos-containing products, components or parts used on, in or in conjunction with or as replacement parts for its boilers, as plaintiffs had expressly requested.

The December 19, 2014 order, which directs defendant to produce the entirety of its commercial files and "all other

relevant documents and records, *including but not limited to* commercial records, boiler drawings, designs and specifications, correspondence, and installation and maintenance reports," is overbroad. As plaintiff counsel stated in related New York City Asbestos Litigation (NYCAL), diagrams of, for example, "metal screws," "a hinge," "electronic wiring," or any other "part having nothing to do with any issue in these cases" are not relevant. Accordingly, we modify the December 19, 2014 order to require defendant to produce all documents that reference or otherwise mention asbestos or asbestos-containing products, components or parts used on, in or in conjunction with or as replacement parts for all boilers it manufactured or sold.

Defendant made the "minimal" showing in support of its application for a confidentiality order (*see Jackson v Dow Chem. Co.*, 214 AD2d 827, 828 [3d Dept 1995]), and plaintiffs failed to show that such an order would in any way hinder discovery. We thus remand to Supreme Court for an appropriate order to protect trade secrets or other confidential documents, and to limit, as appropriate, the dissemination of any such confidential documents within the NYCAL litigation.

Supreme Court properly denied defendant's request to produce a sampling of responsive documents. While the scope of documents to be reviewed may be vast, that is a function of the litigation and defendant's no-duty defense pursuant to *Berkowitz v A.C. & S., Inc.* (288 AD2d 148 [1st Dept 2001]).

We reject defendant's contention that the electronic database, which defendant acknowledges is a duplicate of documents it uses in the regular course of business, is privileged. Nevertheless, because the responsive documents to which plaintiffs are entitled are limited to those that reference asbestos or asbestos-containing products, plaintiffs are not entitled to the more expansive database. Similarly, plaintiffs are not entitled to defendant's compilation of index cards identifying each job site and location and the boiler unit number for the boiler installed at the job site. However, to the extent defendant provides plaintiff with direct access to its files and records for plaintiff to search for responsive documents, and the index cards are necessary to facilitate that search, Supreme Court may, in its discretion, enter an appropriate order.

Defendant may renew its application for cost sharing at such time after the commencement of production as the magnitude and equities of the task have become clearer (*see U.S. Bank, N.A. v GreenPoint Mtge. Funding, Inc.*, 94 AD3d 58 [1st Dept 2012]). Concur—Friedman, J.P., Acosta, Andrias and Moskowitz, JJ.