# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1134**
**CA 16-00202**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

SYLVIA F. BRYANT, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIAM M. CARTY, DEFENDANT-APPELLANT.

---

DEGNAN LAW OFFICE, CANISTEO (ANDREW J. ROBY OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVIDSON FINK LLP, ROCHESTER, KELLY WHITE DONOFRIO LLP (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered October 7, 2015. The order declined to set aside the child support provisions of the judgment of divorce.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In a prior appeal, we agreed with defendant that Supreme Court erred in denying, without a hearing, that part of his motion seeking to vacate the child support provisions of the judgment of divorce, and we remitted the matter for a hearing (*Bryant v Carty*, 118 AD3d 1459). As we explained in our decision, "the judgment of divorce specifically provided that the child support provisions of the parties' 2009 Property Settlement and Separation Agreement (Agreement) merged with the judgment of divorce" (*id.* at 1459). It is undisputed that, in determining the amount of child support, the Agreement contained income information from 2003, which the parties relied on in a prior agreement entered into in 2005, rather than income information from 2008, as required by Domestic Relations Law § 240 (1-b) (b) (5) (i). Following a hearing, which the record establishes was limited to defendant's allegation that the Agreement was procured by fraud on the part of plaintiff, the court properly determined that defendant failed to meet his burden of establishing fraud (*see Weimer v Weimer*, 281 AD2d 989, 989; *see generally Christian v Christian*, 42 NY2d 63, 71-73). The evidence established that the parties agreed to use the 2003 income information to expedite the divorce and that defendant carefully read the Agreement before he signed it.

Defendant raises for the first time on appeal his contention that the child support provisions of the judgment should be vacated on the ground that those provisions do not comply with the requirements of the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-

b] [b], [h]), and thus that contention is not properly before us (*see Leroy v Leroy*, 298 AD2d 923, 924; *see also Nash v Yablon-Nash*, 61 AD3d 832, 832; *Dudla v Dudla*, 304 AD2d 1009, 1010; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Although plaintiff properly concedes that the court erred in precluding defendant from questioning plaintiff's former attorney regarding certain factual matters (*see Stanwick v A.R.A. Servs.*, 124 AD2d 1041, 1041-1042; *see generally Muriel Siebert & Co., Inc. v Intuit Inc.*, 32 AD3d 284, 286, *affd* 8 NY3d 506), we conclude that the error was harmless inasmuch as follow-up questions would have necessarily involved confidential communications made for the purpose of giving or obtaining legal advice (*see generally Stanwick*, 124 AD2d at 1042). Furthermore, there is no evidence that the communication between plaintiff and her former attorney was "made 'in furtherance of a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct,' " and thus, contrary to defendant's contention, the crime-fraud exception does not apply (*Parnes v Parnes*, 80 AD3d 948, 951).

Entered: December 23, 2016                    Frances E. Cafarell
                                             Clerk of the Court