Williams v Abiomed, Inc. (2019 NY Slip Op 04990)





Williams v Abiomed, Inc.


2019 NY Slip Op 04990


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-03369
 (Index No. 500885/14)

[*1]Sabrina Williams, appellant,
v
Abiomed, Inc., respondent, et al., defendants.


Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for appellant.
Gallo, Vitucci & Klar, New York, NY (Yolanda L. Ayala and Kimberly Ricciardi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries based on products liability and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), entered March 9, 2017. The order granted the motion of the defendant Abiomed, Inc., for leave to reargue that branch of its prior motion which was, in effect, for a protective order, which had been denied in an order of the same court dated October 28, 2016 (Laura L. Jacobson, J.), and, upon reargument, in effect, vacated that portion of the order dated October 28, 2016, and, thereupon, granted that branch of the prior motion.
ORDERED that the order entered March 9, 2017, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Abiomed, Inc., for leave to reargue is denied, and so much of the order dated October 28, 2016, as denied that branch of the prior motion of the defendant Abiomed, Inc., which was, in effect, for a protective order, is reinstated.
The plaintiff commenced this action alleging, among other things, that she sustained personal injuries in July 2013, while undergoing treatment using a medical device that was defectively designed and manufactured by the defendant Abiomed, Inc. (hereinafter Abiomed). Prior to producing its witness for a deposition, Abiomed moved, inter alia, in effect, for a protective order "regarding the dissemination and production of intellectual property belonging to . . . Abiomed." In an order dated October 28, 2016, the Supreme Court denied that branch of Abiomed's motion.
Thereafter, Abiomed moved for leave to reargue that branch of its prior motion which was, in effect, for a protective order. In an order entered March 9, 2017, the Supreme Court granted Abiomed's motion and, upon reargument, in effect, vacated so much of the order dated October 28, 2016, as denied that branch of Abiomed's prior motion which was, in effect, for a protective order and, thereupon, granted that branch of the prior motion. The plaintiff appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly [*2]overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "While the determination to grant leave to reargue a motion lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided" (Rodriguez v Gutierrez, 138 AD3d 964, 967 [internal quotation marks omitted]; see Ahmed v Pannone, 116 AD3d 802, 805).
Here, in support of its motion for leave to reargue, Abiomed merely sought to restate its earlier arguments rather than point out matters of fact or law allegedly overlooked or misapprehended (see Matter of Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820; Matter of Williams v Board of Educ. of City School Dist. of City of N.Y., 24 AD3d 458, 459). Further, the Supreme Court, in fact, did not overlook or misapprehend the facts or law, or mistakenly arrive at its earlier determination denying that branch of Abiomed's prior motion which was, in effect, for a protective order (see Rodriguez v Gutierrez, 138 AD3d at 967; Matter of Williams v Board of Educ. of City School Dist. of City of N.Y., 24 AD3d at 459). Abiomed failed to make a minimal showing that the discovery sought contained trade secrets or was otherwise subject to abuse if widely disseminated (see Linderman v Pennsylvania Bldg. Co., 289 AD2d 77, 78; Bristol, Litynski, Wojcik, P.C. v Town of Queensbury, 166 AD2d 772, 773-774; cf. Matter of New York City Asbestos Litig., 133 AD3d 463, 464; Jackson v Dow Chem. Co., 214 AD2d 827, 827-828; McLaughlin v G. D. Searle, Inc., 38 AD2d 810, 811). We also note that there must be a basis for reargument other than a case being transferred to a new Justice.
Accordingly, Abiomed's motion for leave to reargue should have been denied.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court