■ BETTY L. KIMMEL et al., Appellants, v STATE OF NEW YORK et al., Respondents. [730 NYS2d 648] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action alleging that defendants subjected plaintiff Betty L. Kimmel, a former State Trooper, to various acts of sexual discrimination,

sexual harassment and retaliation. In July 1995 plaintiffs served a 58-item demand for discovery of documents. On January 4, 2000, defendants State of New York, New York State Division of State Police (State Police), and James W. McMahon (collectively State Police defendants) moved for a "declaration" that they had complied with plaintiffs' discovery demand despite their failure to provide all the documents requested by plaintiffs. The State Police defendants asserted that they were entitled to withhold certain documents based upon the attorney-client and attorney work-product privileges (see, CPLR 3101 [d] [2]). Those documents are internal reports compiled by the State of New York or the State Police concerning discriminatory treatment of women and are entitled the Greene Report, the Title VII Report, and the Kimmel Investigation Report. Although Supreme Court denied the motion of the State Police defendants on procedural grounds, the court nevertheless agreed with those defendants that they were entitled to raise the attorney-client and attorney work-product privileges, and referred the matter to a Referee to conduct an in camera review of the documents to determine whether they were privileged. That was error.

On a prior appeal, this Court determined that, pursuant to the doctrine of law of the case, defendants were required to "turn over *all* documents identified in plaintiffs' original discovery request" (*Kimmel v State of New York,* 261 AD2d 843, 844 [emphasis added]). On subsequent appeals from four orders of Supreme Court, defendants contended, *inter alia,* that the court erred in entering a conditional order striking their answer. In their briefs on those appeals, defendants contended that they were not required to turn over the Greene Report and the Title VII Report because those documents are protected by the attorney-client and attorney work-product privileges. We rejected that contention, noting that, "[s]ince the inception of this action, defendants have completely resisted plaintiffs' requests for disclosure, repeatedly ignored and disobeyed court orders, and consistently thwarted or delayed disclosure *by raising various objections and privileges*" (*Kimmel v State of New York,* 267 AD2d 1079, 1080 [emphasis added]). Although we concluded that "the court did not abuse or improvidently exercise its discretion in entering a conditional order striking defendants' answers in the event that defendants persist in disobeying our order" (*Kimmel v State of New York, supra,* at 1080), we nevertheless afforded defendants "one final chance" to comply with our order entered May 7, 1999 (*Kimmel v State of New York, supra,* at 1081).

Despite our express mandate to turn over all documents

identified in plaintiffs' discovery demand, the State Police defendants brought this current motion four days after our orders were entered on the subsequent appeals. The State Police defendants are prohibited by the law of the case from raising the CPLR 3101 privileges (*see, Kimmel v State of New York, supra,* 261 AD2d, at 844-845). In any event, although privileges need not be raised within 20 days of service of a notice for discovery (*see,* CPLR 3122 [a], [b]; *McGuane v M.C.A., Inc.,* 182 AD2d 1081, 1082), the State Police defendants may not raise them almost five years later, particularly after they have on prior occasions asserted privileges and objections to disclosure.

In the exercise of our discretion, we now strike the answers of the State Police defendants, after having previously afforded them "one final chance" to comply with plaintiffs' discovery requests (267 AD2d 1081). "[W]hen a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR," the dismissal of a pleading is warranted (*Kihl v Pfeffer,* 94 NY2d 118, 122). In this case, the State Police defendants have attempted to relitigate issues and have repeatedly disobeyed discovery orders of Supreme Court and this Court. "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer, supra,* at 123). We note that the issue of damages remains to be resolved (*see, Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730).

We therefore modify the order by striking the second and third ordering paragraphs and by providing that the answers of the State Police defendants are stricken. We note that the answers of the remaining defendants are not affected by this decision. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Discovery.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.