■ HODGSON, RUSS, ANDREWS, WOODS & GOODYEAR, LLP, Respondent, v ISOLATEK INTERNATIONAL CORPORATION, Appellant-Respondent, MADER CONSTRUCTION CORPORATION, Respondent-Appellant, and LYN DYSTER, Individually and as Representative of BIOLYNE, INC., et al., Defendants-Appellants, et al., Defendants. (Appeal No. 1.) [752 NYS2d 472] —Appeals from an order of Supreme Court, Erie County (Cosgrove, J.), entered March 7, 2001, which, inter alia, granted those parts of the motions of plaintiff and defendant Mader Construction Corporation to compel defendant Isolatek International Corporation to respond to plaintiff's interrogatories and document production requests.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff leased five floors of a building owned by Manufacturers and Traders Trust Co. (M&T) and entered into a contract with defendant BRD, Inc. (BRD) for the renovation of the leased property. BRD hired defendant Arric Corp. (Arric) to remove the asbestos and replace the fireproofing material, and Arric hired defendant Mader Construction Corporation (Mader) to apply CAFCO 300, a spray-on fireproofing material manufactured by defendant Isolatek International Corporation (Isolatek), to four of the floors. Mold and fungus were discovered on the CAFCO 300 shortly after it was applied to two of the floors. Plaintiff consulted with various experts, including defendants Biolyne, Inc. (Biolyne) and Lyn Dyster, sued herein both individually and as a representative of Biolyne, for the removal of the mold and fungus. Steps were taken to remove the mold and fungus, but they were discovered again several months later. After consultation with various experts, plaintiff decided to demolish the two floors where the mold and fungus were located, thereby removing the CAFCO 300 fireproofing, and to rebuild the two floors.

Supreme Court properly granted those parts of plaintiff's

motion and Mader's motion to compel Isolatek to respond to plaintiff's interrogatories and document production requests that sought the disclosure of the ingredients of and formula for CAFCO 300. Isolatek refused to disclose that information, contending that the information was a trade secret, and the court conditioned disclosure of that information upon execution of a "reasonable confidentiality agreement" by counsel for plaintiff and Mader. We conclude that the information is "indispensable to the ascertainment of truth and cannot be acquired in any other way" (*Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 909; *see Bristol, Litynski, Wojcik v Town of Queensbury,* 166 AD2d 772, 773; *Johnson v Morganti* [appeal No. 1], 161 AD2d 1140; *see also Drake v Herrman,* 261 NY 414, 417), and thus the court properly ordered its disclosure.

We further conclude that the court properly granted those parts of plaintiff's motion and Mader's motion to compel Isolatek to respond to plaintiff's interrogatories and document production requests that sought information concerning other claims and complaints involving mold and fungal growth on CAFCO 300 and related products. In refusing to provide that information, Isolatek contended that the requests must be limited in time to those claims and complaints made prior to June 1995, when the CAFCO 300 was applied herein. That contention lacks merit. "It has been held in products liability cases that plaintiffs are entitled to disclosure of information regarding claims similar in nature to the one alleged, whether these claims were made prior to or subsequent to plaintiffs' claims" (*Johantgen v Hobart Mfg. Co.,* 64 AD2d 858, 859; *see Williamsville Cent. School Dist. v Cannon Partnership,* 162 AD2d 965; *Bertocci v Fiat Motors of N. Am.,* 76 AD2d 779, 780; *see also Brown v Daisy Mfg. Co.,* 129 AD2d 995).

The court properly denied the cross motions of Isolatek and Mader, and the cross motion of Dyster and Biolyne (collectively, defendants) for leave to amend their answers to assert General Obligations Law § 15-108 as an affirmative defense and for summary judgment on that defense. Leave to amend an answer should not be granted where, as here, the proposed amendment lacks merit (*see Shellberry v Albright,* 281 AD2d 892, 892-893, *lv dismissed in part and denied in part* 97 NY2d 650; *Dec v Auburn Enlarged School Dist.,* 249 AD2d 907, 908). Defendants contend that General Obligations Law § 15-108 (c), which provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person," applies to preclude plaintiff from recovering damages from defendants because plaintiff obtained a release

from liability from M&T. That contention is without merit. After the second outgrowth of mold and fungus was discovered on the CAFCO 300, M&T sent a letter to plaintiff indicating that M&T had sustained property damage to its building "arising out of the negligent performance by you, your contractor * * * and its subcontractors" and further stating that it would await plaintiff's "proposed plan of action to permanently repair the damage." After consulting with experts, plaintiff decided to remedy the problem by demolishing and then rebuilding the renovated floors. The expenses incurred by plaintiff for that demolition and rebuilding were reimbursed, in whole or in part, by its property insurance carrier. Because plaintiff neither settled a claim made against it by M&T nor obtained a release from M&T, General Obligations Law § 15-108 (c) does not apply. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.