■ BETTY L. KIMMEL et al., Respondents, v STATE OF NEW YORK et al., Appellants, et al., Defendants. [754 NYS2d 923] —Appeal from an order of Supreme Court, Monroe County (Lunn, J.), entered January 16, 2002, which, inter alia, denied defendants-appellants' motion for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of discretion by granting that part of the motion of defendants State of New York, New York State Division of State Police, and James W. McMahon, individually and as Superintendent of New York State Police, seeking an order requiring plaintiffs to sign a confidentiality agreement with respect to discovery of the documents at issue and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On a prior appeal, this Court struck the answers of defendants State of New York, New York State Division of State Police, and James W. McMahon, individually and as Superintendent of New York State Police (State Police defendants) based on their failure to comply with plaintiffs' discovery demands (*Kimmel v State of New York,* 286 AD2d 881, 883). Shortly after we decided that appeal, the State Police defendants moved for a protective order pursuant to CPLR 3103 (a), requesting that they not be required to provide plaintiffs with the documents or, alternatively, requesting that plaintiffs be required to sign a confidentiality agreement with respect to the documents. We agree with Supreme Court that, although on the prior appeal we struck the State Police defendants' answers (*Kimmel,* 286 AD2d 881), plaintiffs nevertheless are entitled to discovery of the documents at issue in order to establish damages (*see Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 573-574). We conclude, however, that the court improvidently exercised its discretion in denying that part of the motion of the State Police defendants seeking, in the alternative, an order requiring plaintiffs to sign a confidentiality agreement with respect to those documents. We are satisfied that the State Police defendants have made a sufficient showing of their entitlement to such an order (*cf. Kopin v Wal-Mart Stores,* 299 AD2d 937). We therefore modify the order accordingly, and we remit the matter to Supreme Court, Monroe County, to grant an appropriate order. Present—Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.