■ Khalid M.H. Butt, Appellant-Respondent, v New York Medical College et al., Respondents-Appellants. [776 NYS2d 897]—

In an action, inter alia, to recover damages for breach of an employment agreement, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 27, 2002, which granted the motion of the defendant Westchester County Health Care Corporation to

quash the plaintiff's subpoena duces tecum served on the nonparty Wechsler, Harwood, Halebian & Feffer, LLP, (2) from stated portions of an order of the same court entered April 17, 2003, which, inter alia, denied in part his motion to compel discovery and for leave to amend his complaint, and (3) from an order of the same court entered June 18, 2003, which denied his motion pursuant to CPLR 2221 to vacate an order of the same court dated May 13, 2003, directing the plaintiff to serve a statement of readiness; and the defendants Westchester County Health Care Corporation and New York Medical College separately cross-appeal from so much of the order entered April 17, 2003, as denied their cross motions to compel production of the plaintiff's income tax returns.

Ordered that the orders entered November 27, 2002, and June 18, 2003, are affirmed, without costs or disbursement; and it is further,

Ordered that the order entered April 17, 2002, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the plaintiff leave to amend his complaint to add three new causes of action, as he failed to make an evidentiary showing that any of the proposed causes of action have merit (*see Mylonas v Town of Brookhaven*, 305 AD2d 561 [2003]). "While leave to amend a complaint should be freely granted (*see* CPLR 3025 [b]), a movant must make some evidentiary showing, and 'a court must examine the underlying merit of the proposed claims, since to do otherwise would be wasteful of judicial resources' " (*Toscano v Toscano*, 302 AD2d 453, 454 [2003], quoting *Morgan v Prospect Park Assoc. Holdings*, 251 AD2d 306 [1998]).

The subpoena duces tecum served on the nonparty, Wechsler, Harwood, Halebian & Feffer, LLP, was properly quashed as there were no special circumstances warranting disclosure from a nonparty, and the subpoena was overbroad (*see Matter of Validation Review Assoc.*, 237 AD2d 614 [1997]).

The requirement of a confidentiality agreement may be imposed in the appropriate case if the material is subject to abuse if widely disseminated (*see McLaughlin v G.D. Searle, Inc.*, 38 AD2d 810 [1972]). In the instant case, the Supreme Court determined, in its discretion, that a confidentiality agreement was warranted. The proposed confidentiality agreement was modified at the plaintiff's request. No further relief was warranted.

There was no reason to provide the defendants with plaintiff's

tax returns. At issue here is a provision of the employment agreement which states that the aggregate compensation and benefits of the defendants' other employees shall not be "greater than that made available to Dr. Butt *hereunder*" (emphasis added). The plaintiff's tax returns are irrelevant to the question of the aggregate compensation and benefits of the defendants' other employees. The defendants failed to establish the relevancy of the plaintiff's tax returns to any issue in the case.

The parties' remaining contentions are without merit. Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.