■ ELIZABETH R. HELM, Appellant, v GWENN LENTINE, M.D., P.C., et al., Respondents. [875 NYS2d 127]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of

the Supreme Court, Richmond County (McMahon, J.), dated May 29, 2007, as granted the motion of the defendant Gwenn Lentine, M.D., P.C., for a protective order quashing the plaintiff's subpoenas duces tecum and notices to take the depositions of two nonparties, granted the separate motion of the defendant Gwenn Lentine, M.D., P.C., for a protective order striking the plaintiff's notice to admit dated November 21, 2005, and denied her cross motion, inter alia, to strike the defendants' answers and award a judgment on the issue of liability upon the default of the defendants, and (2) from an order of the same court dated October 23, 2007, which, inter alia, denied her motion pursuant to CPLR 3104 (d) to review an order of a referee (McGrail, Ct. Atty. Ref.) dated July 23, 2007.

Ordered that the order dated May 29, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 23, 2007, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Gwenn Lentine, M.D., P.C.

The Supreme Court properly granted the motion of the defendant Gwenn Lentine, M.D., P.C. (hereinafter Dr. Lentine), for a protective order quashing the plaintiff's subpoenas for, and notices to take the depositions of, two nonparty witnesses. The plaintiff provided insufficient notice of such depositions (see CPLR 3107; Monaco v Camie-Campbell, Inc., 256 AD2d 1214, 1216 [1998]).

"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d 537, 537 [2007]). In this case, the Supreme Court providently exercised its discretion in determining that the defendants had substantially complied with outstanding discovery requests. We also agree with the Supreme Court that no showing was made that defendants' conduct was in any way willful or contumacious (see Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 726-727 [2008]; Maffai v County of Suffolk, 36 AD3d 765, 766 [2007]).

The Supreme Court properly determined that the contents of the defendants' malpractice insurance policies could not be disclosed to any party outside of the litigation, as it was subject to abuse if widely disseminated (see Butt v New York Med. Coll., 7 AD3d 744, 745 [2004]; McLaughlin v G. D. Searle, Inc., 38 AD2d 810, 811 [1972]).

The parties' remaining contentions either have been rendered

academic, are without merit, or refer to matter dehors the record. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.