CHARLES TERWILLIGER et al., Respondents, v MAX CO., LTD., et al., Appellants, et al., Defendant. [881 NYS2d 790]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered September 5, 2008 in a personal injury action. The order, inter alia, granted that part of the motion of plaintiffs to compel defendants Max Co., Ltd. and Max USA Corp. to respond to specified interrogatories.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for a protective order limiting disclosure of the information and documents with respect to the design, manufacture, testing, and inspection processes in interrogatory Nos. 3 (a), 4 (c), and 18 to the extent specified by Supreme Court, Erie County, to the parties, their attorneys, and their retained experts and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Charles Terwilliger when he was struck by a nail discharged from a pneumatic nail gun. Max Co., Ltd. and Max USA Corp. (defendants), the nail gun's manufacturer and distributor, respectively, contend that Supreme Court erred in granting that part of plaintiffs' motion insofar as it sought to compel defendants to respond to specified interrogatories and in denying in part their motion for a protective order with respect to the relief sought by plaintiffs against them. We agree with defendants that the information and documents sought by plaintiffs with respect to the design, manufacture, testing, and inspection processes in interrogatory Nos. 3 (a), 4 (c), and 18 were trade secrets and thus that the court erred in directing defendants to respond to those interrogatories to the extent specified in its decision. The affidavit of the international division manager of Max Co., Ltd. established that the information and documents sought therein concerning the nail gun in question were not known by those outside the business, were kept under lock and key, were the product of substantial effort and expense, and could not easily be acquired or duplicated (*see generally Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). Nevertheless, we conclude that plaintiffs established that the information and documents sought in those interrogatories, to the extent specified in the court's decision, were indispensable to their case and were otherwise unavailable if they could not be obtained from defendants (*see Mann v Cooper Tire Co.*, 33 AD3d 24, 30-31 [2006], *lv denied* 7 NY3d 718, *rearg denied* 8 NY3d 956 [2006]; *Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1047, 1048 [2002]). We thus conclude that the court should have further granted defendants' motion insofar as it sought a protective order limiting disclosure of the information and documents with respect to the design, manufacture, testing, and inspection processes in interrogatory Nos. 3 (a), 4 (c), and 18 to the extent specified by the court to the parties, their attorneys, and their retained experts, and we therefore modify the order accordingly. Such limited disclosure is necessary to protect the confidentiality of defendants' proprietary information, and plaintiffs have not shown any need for further dissemination of the information and documents in question (*see Whalen v Kawasaki Motors Corp.*, 175 AD2d 667, 669 [1991]; *cf. Mann*, 33 AD3d at 36). We note that any further dispute concerning defendants' designation of materials as trade secrets requiring confidentiality shall be decided by Supreme Court. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.