Patricia Herbenson, Appellant, v Carrols Corporation, Respondent. [955 NYS2d 678]—

Lahtinen, J.

We affirm. It is a "well-settled principle that the trial court has broad discretion in supervising disclosure and in granting protective orders limiting or denying discovery" (*Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 912-913 [2001] [internal quotation marks and citation omitted]; *accord Fox v Fox*, 309 AD2d 1056, 1057 [2003]). Although we can substitute our discretion for that of the trial court regarding disclosure (*see Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032 [1984]), we typically limit our review to whether the trial court clearly abused its discretion (*see e.g. Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594 [2001]; *Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]). Here, plaintiff is not being deprived of the documents and information sought in the disputed paragraphs of the original notice to produce. She is simply being required to keep that information

confidential and has not indicated how doing so will adversely affect her lawsuit. Defendant made an adequate showing of a need for confidentiality to protect its obligations under the franchise agreement regarding such information and we are unpersuaded that Supreme Court abused its discretion. With regard to the second notice to produce, the demand was overbroad and the remedy tailored by Supreme Court was reasonable and within its discretion (*see Pucik v Cornell Univ.*, 4 AD3d 686, 687 [2004]; *Sullivan v Smith*, 198 AD2d 749, 750 [1993]).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.