# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**988**

**CA 13-01818**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

CONLEY & SON EXCAVATING CO., LTD.,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

THE DELTA ALLIANCE, LLC, ET AL., DEFENDANTS,
AND MCDONALD'S REAL ESTATE COMPANY OF COLUMBIA,
MARYLAND, DEFENDANT-APPELLANT.

---

BOUSQUET HOLSTEIN PLLC, SYRACUSE (JAMES L. SONNEBORN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SHEATS & BAILEY, PLLC, BREWERTON (JASON B. BAILEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Seneca County (Dennis
F. Bender, A.J.), entered September 18, 2013.  The order, among other
things, denied the cross motion of defendant McDonald's Real Estate
Company of Columbia, Maryland for a protective and confidentiality
order.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second through fourth
ordering paragraphs and granting the cross motion insofar as it sought
to condition disclosure upon plaintiff's execution of a
confidentiality agreement, and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
to foreclose on a mechanic's lien arising out of a construction
project on property owned by defendant McDonald's Real Estate Company
of Columbia, Maryland (MREC).  Plaintiff had entered into a
subcontract with defendant The Delta Alliance, LLC (Delta), the
general contractor on the construction project, to provide building
and site demolition in connection with the rebuilding of a McDonald's
restaurant.  Plaintiff moved to compel MREC to disclose, inter alia,
the original contract between Delta and MREC and any amendments
thereto.  MREC asserted that the requested documents contained
confidential, proprietary business information, and cross-moved for a
protective order pursuant to CPLR 3103 (a).  We agree with MREC that
Supreme Court abused its discretion in denying the cross motion
insofar as it sought to condition disclosure of the documents on
plaintiff's execution of a confidentiality agreement (*see Kimmel v
State of New York*, 302 AD2d 908, 908; *see generally Herbenson v*

*Carrols Corp.*, 101 AD3d 1220, 1221-1222). We therefore modify the order accordingly. "Discoverability of such documents involves a two-fold analysis: the moving party must show that the discovery demand would require it to reveal a trade secret, which then shifts the burden of the responding party to show that the information was indispensable to proving its [case]" (*Finch, Pruyn & Co. v Niagara Paper Co.*, 228 AD2d 834, 837, *appeal dismissed* 88 NY2d 979). Here, MREC met its burden of establishing that the documents sought by plaintiff contained information "not known by those outside the business, [and that the documents] were kept under lock and key, were the product of substantial effort and expense, and could not be easily acquired or duplicated" (*Terwilliger v Max Co., Ltd.*, 64 AD3d 1232, 1233; *see Finch, Pruyn & Co.*, 228 AD2d at 837). We nevertheless conclude that plaintiff established that the documents sought "were indispensable to [its] case and were otherwise unavailable if they could not be obtained from [MREC]" (*Terwilliger*, 64 AD3d at 1233; *see Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1047, 1048).

Entered: September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court