*1605 Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered September 18, 2013. The order, among other things, denied the cross motion of defendant McDonald’s Real Estate Company of Columbia, Maryland for a protective and confidentiality order.
It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second through fourth ordering paragraphs and granting the cross motion insofar as it sought to condition disclosure upon plaintiffs execution of a confidentiality agreement, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, to foreclose on a mechanic’s lien arising out of a construction project on property owned by defendant McDonald’s Real Estate Company of Columbia, Maryland (MREC). Plaintiff had entered into a subcontract with defendant The Delta Alliance, LLC (Delta), the general contractor on the construction project, to provide building and site demolition in connection with the rebuilding of a McDonald’s restaurant. Plaintiff moved to compel MREC to disclose, inter alia, the original contract between Delta and MREC and any amendments thereto. MREC asserted that the requested documents contained confidential, proprietary business information, and cross-moved for a protective order pursuant to CPLR 3103 (a). We agree with MREC that Supreme Court abused its discretion in denying the cross motion insofar as it sought to condition disclosure of the documents on plaintiff’s execution of a confidentiality agreement (see Kimmel v State of New York, 302 AD2d 908, 908 [2003]; see generally Herbenson v Carrols Corp., 101 AD3d 1220, 1221-1222 [2012]). We therefore modify the order accordingly. “Discover-ability of such documents involves a two-fold analysis: the moving party must show that the discovery demand would require it to reveal a trade secret, which then shifts the burden of the responding party to show that the information was indispensable to proving its [case]” (Finch, Pruyn & Co. v Niagara Paper Co., 228 AD2d 834, 837 [1996], appeal dismissed 88 NY2d 979 [1996]). Here, MREC met its burden of establishing that the documents sought by plaintiff contained information “not known by those outside the business, [and that the documents] were kept under lock and key, were the product of substantial effort and expense, and could not easily be acquired or duplicated” (Terwilliger v Max Co., Ltd., 64 AD3d 1232, 1233 [2009]; see Finch, Pruyn & Co., 228 AD2d at 837). We nevertheless conclude that plaintiff established that the documents sought “were indispensable to [its] case and were otherwise un *1606 available if they could not be obtained from [MREC]” (Terwilliger, 64 AD3d at 1233; see Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp., 300 AD2d 1047, 1048 [2002]).
Present — Scudder, PJ., Peradotto, Carni and Valentino, JJ.