■ ICM CONTROLS CORP., Appellant, v BENJAMIN V. MORROW, Respondent, et al., Defendant. [57 NYS3d 863]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 20, 2016. The order, insofar as appealed from, denied plaintiff's motion insofar as it sought to compel discovery from defendant Benjamin V. Morrow with respect to damages.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking to compel discovery from defendant Benjamin V. Morrow with respect to damages only is granted.

Memorandum: Plaintiff commenced this action against its former vice president of engineering, defendant Benjamin V. Morrow, and defendant Morben, LLC, seeking, inter alia, to recover damages resulting from the alleged breach of noncompete and confidentiality provisions contained in an employment agreement. After issue was joined, plaintiff served defendants with a notice to take Morrow's deposition and a request for various documents, including personal and business tax returns; documents related to the sale of plaintiff's products, drawings, or designs; invoices and receipts; and communications between defendants and plaintiff's clients. Despite plaintiff's repeated requests, a scheduling order, and an order compelling defendants' compliance with discovery, defendants refused to comply.

Plaintiff eventually moved for, inter alia, an order striking defendants' answer, granting default judgment on liability, scheduling an inquest on the issue of damages, and compelling discovery. With respect to damages, in particular, plaintiff sought leave to serve defendants with a revised discovery request for documents limited to damages, giving defendants 20 days to respond thereto, and an order requiring Morrow to appear for a deposition within 20 days of plaintiff's receipt of

defendants' document production. Supreme Court granted plaintiff's motion in part, struck defendants' answer, granted plaintiff a default judgment on the issue of liability, and ordered an inquest on damages. The court otherwise denied the motion, including that part seeking an order compelling discovery with respect to damages.

We agree with plaintiff that it is entitled to discovery in order to establish its damages (*see Kimmel v State of New York*, 302 AD2d 908, 908 [2003]). A "defendant's obligation to afford [a] plaintiff the opportunity to pursue discovery [is not] terminated when the answer [is] stricken," inasmuch as a plaintiff should not be "handicapped in the proof of its damages by [a] defendant's prior defiance of orders, notices, or subpoenas calling for his production of records or the taking of a deposition" (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 573 [1978]; *see Kimmel*, 302 AD2d at 908). Thus, a "plaintiff, if it chooses to do so, may press its right to discovery in advance of the inquest, whether for direct use as evidence in proving its damages or for the procurement of information that may lead to such evidence" (*Reynolds Sec.*, 44 NY2d at 574). Here, plaintiff is entitled to an order compelling Morrow's compliance with the discovery demands insofar as those demands are "material and necessary" to establish plaintiff's damages (CPLR 3101 [a]). We therefore reverse the order insofar as appealed from and grant that part of the motion seeking an order to compel discovery from Morrow with respect to damages only. Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.