Adelaar Dev., LLC v ADCI Professional Corp., S.C. (2025 NY Slip Op 06942)

Adelaar Dev., LLC v ADCI Professional Corp., S.C.

2025 NY Slip Op 06942

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-1342
[*1]Adelaar Developer, LLC, et al., Respondents,
vADCI Professional Corporation, S.C., et al., Defendants, and Suffolk Construction Company, Inc., et al., Third-Party Plaintiffs; Midwest Steel, Inc., et al., Third-Party Defendants, and Stone Bridge Iron & Steel, Inc., Third-Party Defendant- Appellant. (And Another Third-Party Action.)

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Malapero Prisco & Klauber LLP, New York City (Francis B. Mann of counsel), for third-party defendant-appellant.
Stinson LLP, New York City (Nicole Khalouian of counsel), for respondents.

Powers, J.
Appeal from an order of the Supreme Court (Meagan Galligan, J.), entered July 23, 2024 in Sullivan County, which, among other things, granted plaintiffs' motion for a protective order.
Though the underlying action seeks monetary damages arising from the allegedly faulty construction of a waterpark owned by plaintiff EPR Concord II, L.P. and leased by plaintiff Adelaar Developer, LLC, before this Court at present is a discovery dispute between plaintiffs and third-party defendant Stone Bridge Iron & Steel, Inc. Relevant to that sole issue, during discovery plaintiffs requested that all parties agree to what it titled as a "Stipulation and Order for the Production and Exchange of Protected Information," consistent with the terms of the model Stipulation of Order for the Production and Exchange of Confidential Information used in the Commercial Division of Supreme Court (see 22 NYCRR 202.70 Appendix F). All parties eventually agreed, with certain minor adjustments, except Stone Bridge. As a result, plaintiffs moved pursuant to CPLR 3103 (a) for a protective order mirroring that stipulation, and Supreme Court granted the motion over Stone Bridge's opposition. Stone Bridge appeals.
Stone Bridge maintains that Supreme Court abused its discretion in granting plaintiffs' request for a protective order which limits the dissemination of confidential or proprietary information that is produced through the course of discovery to a specified class of persons. As "material [that is] confidential in nature or information which is subject to abuse if widely disseminated should be accorded judicial safeguards where possible" (Tymko v K-Mart Discount Stores, 75 AD2d 987, 987 [4th Dept 1980], lvs dismissed 51 NY2d 708 [1980], 51 NY2d 879 [1980]; see Helm v Gwenn Lentine, M.D., P.C., 60 AD3d 632, 633 [2d Dept 2009]; Mann v Cooper Tire Co., 33 AD3d 24, 36 [1st Dept 2006], lv denied 7 NY3d 718 [2006]), we disagree.
A trial court "may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; see Rote v Snyder, 195 AD3d 1130, 1131 [3d Dept 2021]). "Supreme Court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [3d Dept 2021] [internal quotation marks and citations omitted]; see Jones v Memorial Sloan Kettering Cancer Ctr., 186 AD3d 1851, 1852 [3d Dept 2020]).
As stated above, the requested order largely mirrors the model order (see 22 NYCRR 202.70 Appendix F). As such, under the terms thereof, a producing party may designate documents and information [*2]produced in the course of discovery as "Confidential" or "Highly Confidential." Confidential information is defined as "all [d]ocuments and [t]estimony, and all information contained therein, and other information designated as confidential, if such [d]ocuments or [t]estimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the [p]arty or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that [p]arty's or non-party's business or the business of any of that [p]arty's or non-party's customers or clients." Documents designated to be confidential by the producing party may only be disseminated to, among others and with certain conditions, "personnel of the [p]arties [who are] actually engaged in assisting in the preparation of th[e] action for trial," counsel, expert witnesses or consultants, trial and deposition witnesses, the court and court personnel, as well as any other person agreed to by the producing party. Whereas highly confidential information is defined to mean "any 'Confidential Information' that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those [provided for] would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the [p]roducing [p]arty." While highly confidential information is expressly designated to be for counsels' eyes only, it may also be disseminated to, with certain conditions, expert witnesses and consultants, court and court personnel, officers before whom depositions are taken, trial and deposition witnesses, as well as any other person agreed to by the parties. Both confidential information and highly confidential information may be disseminated to others with prior written consent of the producing party or upon order of the court. Therefore, when it comes to the dissemination of these two types of information, the key distinction is that highly confidential information may not be disseminated to personnel of the parties.
The sought-after order also provides that a party receiving documents or information which contain confidential or highly confidential information inadvertently provided without the appropriate designation may designate the materials to be so by written notice within a reasonable time. Similarly, a party may designate documents and information provided by a nonparty as confidential or highly confidential. A receiving party may always take issue with the designation given by the producing party and, if an agreement cannot be reached as to that designation, move in court to declassify the specific documents as confidential or highly confidential. Relevant to the use of these materials during litigation, if a party or nonparty must disclose confidential or highly confidential information during the [*3]course thereof, they may do so "after taking such steps . . . necessary to preserve the confidentiality," and, if same is required to be utilized during a deposition, the individual being deposed shall execute a written agreement requiring their compliance with the terms of the agreement. If any designated documents or information must be filed with the court, these documents must be redacted until a decision is rendered on any pending motion to seal and an unredacted version of that filing must be provided to the other parties and the court contemporaneously or prior to filing of the redacted version. However, if no motion to seal is made, that redacted filing must be replaced with an unredacted version. Correspondingly, if a motion to seal is made and denied, the producing party must also replace the redacted version with the unredacted version.
Supreme Court providently exercised its discretion in granting plaintiffs' motion for a protective order consistent with the terms of 22 NYCRR 202.70, which conditioned disclosure upon the confidentiality of designated documents and information (see Helm v Gwenn Lentine, M.D., P.C., 60 AD3d at 633; Blum v New York Stock Exch., 263 AD2d 522, 523 [2d Dept 1999]; Schenectady Chems. v Imitec, Inc., 151 AD2d 804, 805 [3d Dept 1989]; Tymko v K-Mart Discount Stores, 75 AD2d at 987; McLaughlin v G. D. Searle, Inc., 38 AD2d 810, 811 [1st Dept 1972]; cf. Backer & Assoc., LLC v PPB Eng'g & Sys. Design, Inc., 173 AD3d 1625, 1626-1627 [4th Dept 2019]). As indicated above, an order directing a "confidentiality agreement may be imposed in the appropriate case if the material is subject to abuse if widely disseminated" (Butt v New York Med. Coll., 7 AD3d 744, 745 [2d Dept 2004]; see Helm v Gwenn Lentine, M.D., P.C., 60 AD3d at 633; Mann v Cooper Tire Co., 33 AD3d at 36). "[A] two-fold analysis must [normally] be satisfied before an order of confidentiality may be granted. The movant must first show that the discovery demand would require it to reveal trade secrets, which would then shift the burden to the nonmovant to show that the information was indispensable to support its case" (Jackson v Dow Chem. Co., 214 AD2d 827, 827-828 [3d Dept 1995] [emphasis added]). However, this line of case law is inapplicable to the facts presented here as we are not presented with a discovery demand. Rather, the confidentiality order sought by plaintiffs does not preclude disclosure but dictates how documents and information must be handled once disclosed (compare Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 644 [2d Dept 2014]; Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp., 300 AD2d 1047, 1048 [4th Dept 2002]; Bristol, Litynski, Wojcik v Town of Queensbury, 166 AD2d 772, 773-774 [3d Dept 1990]; Curtis v Complete Foam Insulation Corp., 116 AD2d 907, 909 [3d Dept 1986]). In this respect, the challenged order does not deprive any party of the relevant discovery documentation but simply requires the parties to keep [*4]the information confidential within the confines of the litigation, subject to an ongoing process to lift any such restriction (see Herbenson v Carrols Corp., 101 AD3d 1220, 1221-1222 [3d Dept 2012]).
Principally, the terms of the order plaintiffs seek deter the abuses Stone Bridge claims it creates. According to Stone Bridge, plaintiffs may designate any documents or information they deem fit as confidential or highly confidential. While this assertion may be true on its face, there is also a specified procedure if a party disagrees with a designation — including providing for motion practice in the court — and, in the inverse, if a party believes certain documents or information that have been provided and not designated as confidential or highly confidential should be so designated, they are able to do so on their own. Thus, this power does not rest only in the hands of plaintiffs, as Stone Bridge seems to believe, but any party to this action. Likewise, because these documents are provided in full, the requirement that they be kept confidential does not create prejudice to defendants as Stone Bridge maintains. Finally, Stone Bridge asserts that this order works against the presumption of access to court records (see generally Matter of Cyprium Therapeutics, Inc. [Curia Global, Inc.], 223 AD3d 1042, 1044 [3d Dept 2024]). However, under the order, a separate motion to seal may be made. Therefore, any arguments regarding the merits of such a motion that may be made in the future are not presently before us in the context of the present motion. Accordingly, Supreme Court did not clearly abuse its discretion by granting plaintiffs' motion, and we affirm.Garry, P.J., Clark, Aarons and Lynch, JJ., concur.Ordered that the order is affirmed, with costs.